JOHN NIX & COMPANY, RESPONDENT, v. HANNAH L. ANDREWS, EXECUTRIX OF THE WILL OF BENAJAH D. ANDREWS, DECEASED, APPELLANT.

Argued November 23, 1915—Decided March 6, 1916.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"This is a case agreed upon between the parties and submitted to the court under rule 150. In the state of the case it is stipulated that if upon the facts agreed to, the court shall be of opinion that the defendant, as executrix of Benajah D. Andrews, deceased, is not entitled to hold the proceeds of certain-named policies, less the surrender value thereof, exempt and free from the claim of the plaintiff, then judgment final for the sum of $10,250, with interest, as claimed in the declaration and costs of suit, shall be entered for the plaintiff.

"The case turns upon whether or not the plaintiff has participated in the distribution of the estate of Benajah D. Andrews, deceased, under certain bankruptcy proceedings. The institution of the bankruptcy proceedings, and the allowance of counsel fees for litigation under leave of the bankruptcy court, is not a participation in the distribution of the bankrupt's estate within the legal meaning of that term.

"The question whether or not the plaintiff is in a legal sense a participant in the distribution of the estate of the bankrupt is, in our opinion, foreclosed by the order of the bankruptcy court made on February 13th, 1913, by which the claim of the plaintiff is expunged from the list of claims and excluded from participating in the distribution of the estate of the bankrupt under such bankruptcy proceedings. This order while it stands is conclusive of the matters covered by it. *Young* v. *Young*, 45 *N. J. L.* 197.

"If it was improvidently entered it must be directly attacked in the court that was imposed upon. It cannot, upon this or upon any similar ground, be collaterally assailed.

"In *Shearman* v. *Cameron*, 78 *N. J. Eq.* 532, is collected a large number of cases illustrating and enforcing this rule.

"In accordance with the case agreed upon, judgment is ordered for the plaintiff for $10,250, with interest and costs."

For the appellant, *French & Richards.*

For the respondent, *Bleakly & Stockwell.*

PER CURIAM.

The judgment of the court below will be affirmed, for the reasons stated in its *per curiam.*

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 11.

*For reversal*—None.